**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ERIC JENKINS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:23-cv-00972** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

Before the Court is Eric Jenkins's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Doc. Nos. 1, 9, 20).[1] He claims his conviction and sentence should be vacated because of of his counsel's constitutionally deficient performance. This occurred when his counsel: (1) failed to challenge Jenkins's Career Offender status, (2) failed to file an appeal after being instructed to do so, and (3) allowed Jenkins's guilty plea to stand even though it was not knowing and voluntary. The Government filed a response opposing the motion (Doc. No. 30), to which Jenkins replied. (Doc. No. 38). For the following reasons, the Court finds the motion to be without merit.[2]

## I. Background

On June 25, 2021, pursuant to a plea agreement under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, Jenkins pled guilty to three counts: (1) conspiracy to possess with intent to distribute and distribution of 1 kilogram or more of heroin, 400 grams or more of fentanyl,

[1] Jenkins filed an initial motion to vacate (Doc. No. 1), memorandum in support (Doc. No. 2), supplement (Doc. No. 9), and after being appointed counsel, an amended motion (Doc. No. 20). The Court has taken each filing into consideration.
[2] The Court references documents from both the instant action and Jenkins's criminal case, Case No. 3:20-cr-00159-2. Unless specified otherwise, the docket entry citations refer to this action.

and 28 grams or more of cocaine base; (2) possession with intent to distribute 1 kilogram or more of heroin, 400 grams or more of fentanyl, and 28 grams or more of cocaine base; and (3) attempted possession with intent to distribute 5 kilograms or more of cocaine. (Case No. 3:20-cr-00159-2, Doc. No. 122 at 1–4). Because the United States had filed an information alleging a prior serious drug felony, under 18 U.S.C. § 851, Jenkins agreed that he faced a minimum custody term of 15 years (180 months). (Id. at 2–3.)

Jenkins also agreed that he was a Career Offender. (Id. at 8). His agreement recognized the reality of his criminal history from four prior convictions for crimes of violence and controlled substances. In Davidson County Criminal Court (Docket No. 2001-D-2302), he was convicted in 2002 of (1) sale of cocaine of over 26 grams, (2) sale of cocaine of over .5 grams, and (3) attempted second degree murder. Then, in the same court (Docket No. 2006-D-2874), he was convicted in 2007 of (4) sale of hydromorphone. (PSR ¶¶ 37, 38).

The plea agreement calculated a base offense level of 37. (Case No. 3:20-cr-00159-2, Doc. No. 122 at 1–8). Assuming he accepted responsibility for his behavior and in consideration for entering the plea agreement, the parties agreed to recommend a total offense level of 34. (Id. at 8). With the agreed Criminal History Category VI, the Guidelines recommended custodial range was 262 to 327 months.

At the January 3, 2023, sentencing hearing, the Court calculated an offense level of 33—not 34, as agreed by the parties (id.) and urged by defense counsel (Case No. 3:20-cr-00159-2, Doc. No. 165) (arguing for the total offense level pursuant to the plea agreement). As a result, the new Guidelines range was 235 to 293 months, significantly lower than the range contemplated in plea-agreement. (Case No. 3:20-cr-00159-2, Doc. No. 208 at 5). Ultimately, the Court varied

downward and sentenced Jenkins to 210 months. (Id. at 40). Jenkins now argues that Peter Strianse, his counsel, was ineffective.

## II. Legal Standard

Section 2255 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a federal prisoner who claims that his sentence was imposed in violation of the Constitution, among other things, "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the petitioner must demonstrate constitutional error that had a "substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

To be constitutionally ineffective, a defendant must prove that counsel performed in an objectively deficient manner and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show prejudice, the defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

## III. Analysis

At sentencing, Jenkins received the benefit of an advisory Guideline of 235 to 293 months, not the 262 to 327 months contemplated in the plea agreement. (Case No. 3:20-cr-00159-2, Doc. No. 208 at 5). The Court imposed a sentence of 210 months. (Id. at 40). Jenkins now asks the

Court to recalculate his Guidelines range, removing the career-offender designation. (Doc. No. 20 at 4). This would result in a corresponding custodial range of 188 to 235 months based on a Criminal History Category IV, instead of the Criminal History Category VI (that he agreed to). Id. Distilling the motion down to its ultimate request, Jenkins wants to double- or triple-dip on the leniency he already received and get yet another sentence reduction. The Court will not do so because he cannot show prejudice. And because he was correctly designated, and agreed to be designated, a Career Offender.

A. Jenkins is Bound by the Plea Agreement.

A Guidelines calculation error can sometimes satisfy the prejudice prong of an ineffective assistance of counsel claim. Glover v. United States, 531 U.S. 198, 204 (2001). "When a plea agreement is involved, however, the question is not 'whether an acknowledged mistake in computing a sentence under the Guidelines is itself prejudicial; it is whether the mistake affected the decision to plead guilty.'" Borden v. United States, 2019 WL 5063830, at *4 (W.D. Ky. Oct. 9, 2019) (citing United States v. Cieslowski, 410 F.3d 353, 359 (7th Cir. 2005)). Jenkins cannot satisfy the prejudice prong.

He agreed that he was a Career Offender when he pled guilty. (Case No. 3:20-cr-00159-2, Doc. No. 122 at 9). He acknowledged that if the Court did not accept the Guidelines recommendations, he would "have no right to withdraw his guilty plea." (Id. at 10). Because "he was aware of the possibility of being sentenced as a career offender and the inability to withdraw his plea if counsel's sentencing estimate proved inaccurate, reasonable jurists would agree that there is no 'reasonable probability that' [Jenkins] 'would not have pleaded guilty' in the absence of counsel's erroneous estimate." Robinson v. United States, 2026 WL 2174964, at *3 (6th Cir. May 27, 2026) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

In even more compelling circumstances, such as when a defendant received a sentence higher than the purportedly correct range, courts have still upheld and enforced the plea agreement. Borden, 2019 WL 5063830, at *4; Cieslowski, 410 F.3d at 360 (upholding a plea agreement based on an incorrect sentencing guideline calculation even though the defendant's plea was 42 months above the highest sentence under the corrected range); United States v. Agurs, 2014 WL 3735584, at *6 (W.D. Pa. July 28, 2014), aff'd, 629 F. App'x 288 (3d Cir. 2015) (holding that defendant could not meet the Strickland prejudice prong even if turned out that he was not a Career Offender for sentencing purposes). Jenkins does not come close to showing prejudice because he received a more favorable advisory Guidelines range than what he agreed to, and in any case, he could not have withdrawn his guilty plea.

B. Jenkins Cannot Show Prejudice because He is a Career Offender.

Even putting aside the plea agreement, Jenkins was correctly designated a Career Offender. To qualify as a Career Offender, Jenkins must have had two or more convictions that qualify as crimes of violence or controlled substance offenses at the time of the instant offense. U.S.S.G. § 4B1.1. Jenkins does not dispute that his 2007 state court conviction for selling hydromorphone qualifies as a controlled substance offense for purposes of U.S.S.G. § 4B1.1. However, he argues that his state court convictions for selling cocaine should not have qualified as controlled substance offences because Tennessee law changed after those 2002 convictions. (Doc. No. 20 at 6-10); (Doc. No. 2 at 6-9). "In 2015, the Attorney General removed the cocaine derivative" relevant to Jenkins's convictions "from the list of schedule II controlled substances." (Id. at 7).

Jenkins concedes that, as a matter of law, "courts examine whether a prior conviction qualifies as a controlled substance offense for career offender sentencing purposes by consulting the drug schedules in place at the time of the prior conviction, rather than at the time of the federal

sentencing." (Id. at 9) (citing United States v. Clark, 46 F.4th 404, 408-09 (6th Cir. 2022)). Clark was binding precedent at the time of Jenkins's January 2023 sentencing. See also McNeill v. United States, 563 U.S. 816, 825 (2011) (holding that courts must look to the punishment authorized under the statute at the time of the state conviction rather than at the time of current federal sentencing); Mallett v. United States, 334 F.3d 491, 504 (6th Cir. 2003) (finding "classification of a controlled-substance offense as a felony should be determined as of the date that the defendant's guilt of that offense was established, not as of the time of his federal sentencing.") Nonetheless, he maintains that counsel was still ineffective because "this issue is far from settled." (Doc. No. 20 at 9).

"[C]ounsel is not ineffective for failing to predict developments in the law, unless they were clearly foreshadowed by existing decisions." Snider, 908 F.3d at 192 (6th Cir. 2018). Jenkins's claim of ineffectiveness is attenuated because any purported, "clearly foreshadowed" development in the law has not yet occurred. Based on current and then-existing Sixth Circuit and Supreme Court precedent, see, e.g., Clark, 46 F.4th at 408-09; McNeill, 563 U.S. at 825; Mallett, 334 F.3d at 504, Jenkins's counsel consulted the drug schedules in place at the time of Jenkins's 2002 convictions. In 2002, Jenkins's cocaine sale convictions qualified as controlled substance offenses for purposes of U.S.S.G. § 4B1.1.

Jenkins does "not have a cognizable § 2255 claim based on a [purported] misapplication of a subsequently-nullified career offender designation." Snider v. United States, 908 F.3d 183, 190 (6th Cir. 2018) (citing United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015)). Although Jenkins alleges ineffective assistance based on counsel's "failure to object to his status as a career offender," the argument "fares no better" and fails for the same reasons that an independent § 2255 claim would. See Bullard v. United States, 937 F.3d 654, 657 (6th Cir. 2019). Like the petitioners

in Snider and Foote, Jenkins alleges that a subsequent "change in the law rendered his career offender designation erroneous." Snider, 908 F.3d at 191. Also like those petitioners, he does not allege that he is innocent. Id. at 191. "[S]entencing a defendant pursuant to advisory Guidelines based on a career offender status that [was] later invalidated does not meet the remarkably high bar for § 2255 relief." Id. at 190–91.[3]

Jenkins's position is even less sympathetic. In Snider, the petitioner was sentenced to a term of imprisonment in the middle of the career-offender-adjusted Guidelines range. Id. Jenkins received a sentence 40 months *below* the bottom of the career-offender adjusted-Guidelines range. Jenkins now proposes a "corrected" Guidelines range of 188 to 235 months. (Doc. No. 20 at 4). His 210-months sentence falls squarely in "the middle of that range, which cannot be plausibly characterized as a fundamental defect which inherently results in a complete miscarriage of justice." Snider, 908 F.3d at 191; see also United States v. Vonner, 516 F.3d 382, 389 (6th Cir.2008) (en banc) (finding within Guidelines sentences to be presumptively reasonable).

Because Jenkins has at least three qualifying prior offenses (two for cocaine sales and one for hydromorphone), the Court need not reach the question of whether his 2007 conviction for attempted second-degree murder under Tennessee law qualifies as a crime of violence for purposes of U.S.S.G. § 4B1.1.[4]

---

[3] Jenkins also argues that his sentence should be reduced based on December 21, 2022, prosecutorial guidance from U.S. Attorney General Merrick Garland (Doc. No. 2 at 16). This guidance, derived from an internal policy memo without the force of law, relates to sentencing disparities between "crack cocaine" and "powder cocaine." United States v. Smith, 2025 WL 465291, at *1 (E.D. Mich. Feb. 11, 2025). Jenkins fails to show how his sentence was affected by any purported "crack cocaine" enhancement. See id.

[4] In a supplement to his § 2255 motion, Jenkins argues that the "government never proved this burden that movant was really responsible for 17-27 kilograms of fentanyl [and cocaine] in the course of this conspiracy." (Doc. No 9 at 2) (cleaned up). This argument is conclusory and undeveloped, and it is also not briefed in his amended motion. See Leary v. Livingston Cnty.,

C. Jenkins Cannot Show Prejudice because the Guidelines are Advisory.

At sentencing, the Court acknowledged that the Guidelines are a useful starting point for determining an appropriate sentence. (See e.g., Doc. No. 208 at 38) ("The guideline range … I give some weight[.]") The Court also acknowledged that 15 years was the mandatory minimum for his convictions. (Id.) But career-offender status did not form "the persuasive basis for this Court on whether or not a sentence more than 15 years is appropriate." (Id.)

> Mr. Jenkins, it does come down to the fact that for whatever reasons, when given the opportunity to purchase more drugs, even after your coconspirators were out of the picture, when given that opportunity, regardless of how it created itself … [y]ou took that opportunity. You took that opportunity without your coconspirators to continue to deal in a significant amount of drugs. So that tells me there is a need, there is a strong need, for specific deterrence for you.

(Id.) Whatever cocaine derivative Jenkins sold, and however it was classified under Tennessee law in 2002 versus 2015, played no role in his sentence. Jenkins's de jure designation as a "career offender" under the Guidelines was not the "persuasive basis" for his sentence; his de facto "career" in selling drugs was. Quibbling over terminology does not alter that, when given the opportunity, Jenkins chose to keep selling lethal narcotics. His sentence resulted from application of all § 3553(a) factors including the need to deter him and others from making similar choices.

---

528 F.3d 438, 449 (6th Cir.2008) (undeveloped legal arguments are deemed waived). Likewise, his conclusory argument that the Court erroneously "enhanced two points for a gun that was found in a drawer" and maintaining a "premises for the purposes of maintaining a distribution" are undeveloped, devoid of citations to the record or specific factual allegations, and are waived. See id. Furthermore, the Court granted the 2-point reduction that Jenkins's counsel moved for in a motion to reconsider. (See Case No. 3:20-cr-00159, Doc. No. 165 at 1) (arguing for the "agreed upon offense level" pursuant to the plea agreement and "not applying the two level" enhancement for "possession of a firearm" and "maintaining a drug house"); (Doc. No. 151 at 1–2) (noting that the "Presentence Report scores a total offense level of 35" and arguing against the "two challenged guideline enhancements"); (Doc. No. 208 at 4) ("I'm going to grant that motion. After looking over the documents again, it appears that when -- the controlled purchase occurred at an address different from where the firearm was. … So that takes you to an offense level of 33[.]")

So there is no "reasonable probability that" counsel's (futile) argument on whether Jenkins is a Career Offender would have changed his sentence. See Strickland, 466 U.S. at 687 (1984).

D. Counsel Was Not Ineffective for Failing to Appeal.

In his initial motion to vacate, filed over 9 months after sentencing, Jenkins alleges that he "informed counsel on the day of sentencing that he wanted counsel to appeal because [he] was of the impression that he would receive 15 years not 17 years[.]" (Doc. No. 1 at 4). He does not say what issue he told trial counsel to appeal or how he communicated the request. In the context of the rest of the initial motion, it seems that Jenkins later learned that there might be a basis to challenge his Career Offender status. See id. at 5 (alleging that "had he known he was not a career offender he would have never pled guilty"). Mr. Strianse swears that Jenkins never directed him to appeal. (Doc. No. 30-1). At sentencing, Jenkins was given a notice of appeal. (Doc. No. 208 at 43). He was even told that he could "tell the Clerk of Court to appeal[.]" (Id. at 44). He utilized neither option and does not explain his purported appeal-issue. Jenkins's after-the-fact assertion that he asked counsel to appeal is conclusory, inherently incredible, and contradicted by the record. See Martin v. United States, 889 F.3d 827, 832 (6th Cir. 2018).

E. Jenkins has not Shown that His Plea was Unknowing, Unintelligent, or Involuntary.

In grounds three and four of his initial petition, Jenkins argues that he is not a Career Offender. (Doc. No. 1 at 5, 8); (Doc. No. 2 at 6-9, 12-15). For reasons just discussed, he is. Accordingly, Jenkins cannot argue that his plea was unknowing or involuntary, or that counsel was ineffective, based upon his Career Offender designation.

In his supporting memorandum, Jenkins also tacks on an additional argument that his plea was unknowing or involuntary due to counsel's purported conflict of interest. (Doc. No. 2 at 17–21). Counsel appointed in this § 2255 proceeding did not offer any further argument, and the

government did not respond in opposition. Jenkins claims Mr. Strianse also represented co-defendant Jacob Mosley, but the docket reflects that Erik Herbert alone represented Mosley. (See Case No. 3:20-cr-00159-1). Even assuming Mr. Strianse represented Mosley at some point, Jenkins has not articulated how that representation resulted in prejudice to him. See Edwards v. United States, No. 3:14-CV-01256, 2016 WL 8223205, at *8 (M.D. Tenn. Aug. 15, 2016), report and recommendation approved, No. 3:14–CV–01256, 2017 WL 512701 (M.D. Tenn. Feb. 8, 2017).

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Governing § 2255 Proceedings 11(a). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate "that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

Jenkins cannot make that showing. His second, third, and fourth claims are contingent on his not being correctly designated a Career Offender; however, no reasonable jurist could debate that designation. He is a Career Offender. His counsel was not ineffective for failing to argue otherwise, and his plea was not unknowing or involuntary for accepting that designation. Jenkins's first claim that counsel was ineffective for failing to appeal is conclusory and inherently incredible in the context of the broader record. No reasonable jurist would argue otherwise.

## V. Conclusion

For the foregoing reasons, Jenkins's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Doc. No. 1) and amended motion (Doc. No. 20) will be denied. Further, a COA will not issue. Miller-El, 537 U.S. at 336.

An appropriate order will enter.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE